THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v.
DAVE STRASSNER, Appellant.

Argued May 17, 1949; decided July 19, 1949.

*Henry A. Drescher* for appellant. I. Section 1141 of the Penal Law is inapplicable to a phonograph record, in that it is not a " writing ", nor an " article or instrument of indecent or immoral use " within the wording thereof. (*People* v. *Goldstein*, 266 App. Div. 950; *Ostrowe* v. *Lee*, 256 N. Y. 36; *Burrow-Giles Lithographic Co.* v. *Sarony*, 111 U. S. 53; *Remick & Co.* v. *American Automobile Accessories Co.*, 5 F. 2d 411; *People* v. *Abeel*, 182 N. Y. 415; *People* v. *Phyfe*, 136 N. Y. 554; *People* v. *Rosenberg*, 138 N. Y. 410; *People* v. *Nelson*, 153 N. Y. 90; *People* v. *Teal*, 196 N. Y. 372; *People ex rel. Kahan* v. *Jaffe*, 178 Misc. 523.) II. The information is insufficient and defective and should be dismissed. (*People* v. *Weldon*, 111 N. Y. 569; *People* v. *Farson*, 244 N. Y. 413; *People* v. *Dumar*, 106 N. Y. 502; *People* v. *Corbalis*, 178 N. Y. 516; *People* v. *Zambounis*, 251 N. Y. 94; *People* v. *Willett*, 213 N. Y. 368; *People* v. *Wiechers*, 179 N. Y. 459; *Muench* v. *United States*, 96 F. 2d 332; *People* v. *Bennett*, 49 N. Y. 137; *People* v. *Ledwon*, 153 N. Y. 10.)

*Frank S. Hogan, District Attorney (Edwin C. Hoyt, Jr.,* and *Whitman Knapp* of counsel), for respondent. I. Section 1141 of the Penal Law was properly applied. (*Remick & Co.* v. *American Automobile Accessories Co.*, 5 F. 2d 411.) II. The information may not now be attacked for indefiniteness. (Code Crim. Pro., § 331; *People* v. *Willett*, 213 N. Y. 368; *People* v. *Wiechers*, 179 N. Y. 459; *People* v. *Goslin*, 67 App. Div. 16, 171 N. Y. 627.)

BROMLEY, J. Defendant was convicted on an information under section 1141 of the Penal Law charging him with unlawfully possessing and selling an obscene phonograph record. He concedes its sale and its obscenity but appeals on the ground that the statute does not cover a phonograph record.

The pertinent portion of section 1141 reads as follows: " 1. A person who sells, lends, gives away, distributes or shows, or

offers to sell, lend, give away, distribute, or show, or has in his possession with intent to sell, lend, distribute or give away, or to show, or advertises in any manner, or who otherwise offers for loan, gift, sale or distribution, any obscene, lewd, lascivious, filthy, indecent or disgusting book, magazine, pamphlet, newspaper, story paper, writing, paper, picture, drawing, photograph, figure or image, or any written or printed matter of an indecent character; or any article or instrument of indecent or immoral use, or purporting to be for indecent or immoral use or purpose  *  *  *. Is guilty of a misdemeanor ''.

The information charged defendant with the crime of unlawfully possessing '' with intent to sell, lend, give away, and show, a certain obscene, lewd, lascivious, filthy, indecent and disgusting phonograph record, having thereon matter of an indecent character ''.  The descriptive adjectives clearly indicate that the information was framed in the language of the first clause of the statute.  That clause does not specify a phonograph record and the items which are enumerated therein all are characterized by visual representation of ideas.  Transmission of ideas through the medium of a phonograph record is an auditory representation accomplished by mechanical means.  The words of general classification concluding the clause — '' written or printed matter of an indecent character '' — likewise refer to a visual representation.  A phonograph record is not a writing. The grooves of the record, by which sound is reduced to permanency, cannot constitute a writing or printing.  The permanence of form is of no consequense unless the mechanical means are available to transmute the grooves into sound.  There is permanence of form but nothing intelligible which can be observed. We cannot say, therefore, that the first clause of the statute includes an obscene phonograph record (cf. *Alpers* v. *United States,* 175 F. 2d 137 [C. A. 9th]).  In that case the Federal statute prohibiting the interstate carriage of obscene matter was held not to cover phonograph records.

The District Attorney on appeal contended that the language of the second clause — '' article  *  *  * of indecent or immoral use '' — covered the record.  A phonograph record is an article and it may be argued that it becomes an article of indecent use when there is reproduced thereby an indecent song or conversation.  We do not pass upon that contention.  The

statute establishes distinct offenses. Were we to hold that the second clause encompassed within its scope a phonograph record as an article of indecent use, we would nevertheless reverse the conviction since the information charged a violation of the first clause. Where a statute includes several offenses, an information is defective if it charges the commission of one offense under the statute and the proof shows commission of another offense thereunder (*People* v. *Grogan,* 260 N. Y. 138, 141). The information charged an offense under the first clause. Since this clause does not make the sale or other disposition of a phonograph record an offense, proof of the commission of an offense under a separate and distinct portion of the statute will not render the information sufficient. Having made timely objection to the sufficiency of the information, defendant did not waive the defect therein.

The obscenity which the statute aims to prohibit is no less harmful when it appears in a phonograph record than when manifested in a book or picture. However, that is a matter for legislative decision. Since the first clause of the statute did not cover the offensive item when defendant made the sale thereof, he cannot be charged with its violation. The information as drawn must be dismissed.

The judgments should be reversed and the information dismissed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.