PICKENS *v.* STATE.

5061                                                    366 S. W. 2d 283

Opinion delivered April 8, 1963.

No brief filed for appellant.

*Bruce Bennett,* Atty. General, by *Jack Holt, Jr.,* Asst. Atty. Gen., for appellee.

ED. F. McFADDIN, Associate Justice. The jury found the appellant, Elvis Pickens, guilty of the crime of knowingly receiving stolen property (§ 41-3934 Ark. Stats.), and fixed his punishment at five years in the penitentiary. From a judgment on the verdict and an unavailing motion for new trial there is this appeal. The motion for new trial contains nine assignments, but we find it necessary to consider only such assignments as relate to the action of the Court in submitting the case to the jury on the charge of knowingly receiving stolen property.

On the morning of April 11, 1962, Mr. Hale found that a plateglass window had been broken in his store and three power saws had been taken. Each of these had a value of $150.00 or more. About 11:00 o'clock the same morning, the appellant, Elvis Pickens, tried to sell one of these power saws for $25.00 to the manager of the Economy Lumber Company. Pickens carried the saw to the Lumber Company store; while the attempted sale was in progress the officers arrested Pickens; and Hale identified the saw as one of the three that had been stolen from his store. Pickens admitted he knew that the saw was stolen, and took the officers to his home and showed them the other two stolen saws concealed in the house. Pickens claimed—so the officers testified—that three men (two of whom he named) brought the saws to his home in the night time, telling him that they were stolen, and offering to give him one of the saws for concealing the other two. The law enforcement officers were never able to find either of the named men, if there were such persons. Mr. Hale identified all three of the saws as stolen from his store, and they were returned to him.

The appellant and another man were brought to trial on an information which contained only two counts. The first count charged burglary (§ 41-1001 *et seq.* Ark. Stats.) in breaking and entering the store of Hale with intent to commit larceny; and the second count in the indictment charged the offense of grand larceny (§ 41-3901 Ark. Stats.) in the stealing and taking away of the property of Hale in excess of the value of $35.00 (§ 41-3907 Ark. Stats.). There was no count in the indictment charging the appellant or the other man being tried with the crime of knowingly receiving stolen property (§ 41-3934 Ark. Stats.). When all the evidence had been heard, the Court charged the jury on the crimes of (1) burglary, (2) larceny, and (3) knowingly receiving stolen property. The jury acquitted the other defendant of all three crimes; and the jury acquitted the appellant Pickens of the crimes of burglary and larceny, but convicted him of the crime of knowingly receiving stolen property; and it is this submission of the issue—of knowingly receiving stolen property —that is now before us.

The appellant's attorneys objected most strenuously to the Court submitting the case to the jury on the charge of knowingly receiving stolen property,[1] pointing out that the information on which the appellant was tried had only two counts—that of burglary and grand larceny—and had no count charging the offense of knowingly receiving stolen property. We are thus presented with the question of whether the defendant may be convicted of the offense of knowingly receiving stolen property when no count in the information charged that offense.

It is axiomatic that a defendant cannot be convicted for an offense of which he is not charged. In *Thornhill* v. *Ala.*, 310 U. S. 88, 60 S. Ct. 736, 84 L. Ed. 1093, the Court quoted from an earlier case: ''Conviction upon a charge not made would be a sheer denial of due process.'' The Supreme Court of South Carolina in *State* v. *Cody,* 186 S. E. 165, used this language:

''In all criminal prosecutions, the defendant has a constitutional right to be informed of the accusation against him; and it is a rule of universal observance in administering the criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment. It would be contrary to

---

[1] We mention some of the specific objections and exceptions made by the attorneys for the defendants: "The information in this case charges the defendants, each and both, with the offense of burglary and grand larceny; that was the accusation against them and that was the charge upon which we prepared, and the charge upon which we announced ready for trial; and we are objecting to a charge of receiving stolen property being submitted to the jury because it is not charged in the information. It is not embraced in the charge. . . . We had no idea there would be an issue of stolen property involved—of receiving stolen property; that there would be any such charge submitted to the jury. . . . And in connection with this objection they ask leave to withdraw their announcement of ready upon the case and that the Court declare a mistrial and that they be permitted a reasonable time to prepare their defense to the charge of receiving stolen property. That at no time were they apprised of the fact that they would be prosecuted for receiving stolen property and that they were entitled in advance to be so apprised. At no time were they given an opportunity to get ready on this charge. That the defendants are entitled to know the nature of the charge against them and the theories upon which the State would seek to take this case to the jury; and that they did not in their opening statements make any statement about the case being submitted on the issue of receiving stolen property. That the defendants object and except to the action of the Court in overruling their motion to be permitted to withdraw their announcement of ready in this case, and ask for a mistrial."

all rules of procedure, and violative of his constitutional right, to charge him with the commission of one crime and convict him of another and very different one. He is entitled to be informed of the accusation against him, and to be tried accordingly. *State* v. *Harbert,* 185 N. C. 760, 118 S. E. 6.''

Of course, when a defendant is charged and tried on a greater offense, he may be convicted of a lesser offense *included in the greater offense.* Some examples showing this rule are: (a) trial on a charge of first degree murder will support a conviction of second degree murder or manslaughter (*McPherson* v. *State,* 29 Ark. 225; *Arnold* v. *State,* 179 Ark. 1066, 20 S. W. 2d 189; (b) trial on a charge of rape will support conviction of assault with intent to rape (*Sherman* v. *State,* 170 Ark. 148, 279 S. W. 353). Without giving other examples, the point is clear that it is only when the lesser offense is included in the greater offense that the conviction of the lesser offense can stand;[2] so the question here becomes: Is the offense of knowingly receiving stolen property (under § 41-3934 Ark. Stats.) a lesser offense of either burglary or larceny, so that an indictment or information charging only the greater offense will support a conviction of knowingly receiving stolen property?

We answer the posed question in the negative. Knowingly receiving stolen property (§ 41-3934 Ark. Stats.) is an entirely separate offense from larceny or burglary and is not a lesser offense of either. In *Hughey* v. *State,* 109 Ark. 389, 159 S. W. 1129, a defendant was charged with grand larceny; and we said: ''Neither can he be convicted upon an indictment for larceny of receiving stolen property, knowing it to have been stolen.'' The holdings in other jurisdictions are in accord with our own holdings on this question. In *Abshire* v. *Commonwealth* (Ky.), 136 S. W. 2d 567, the Kentucky Court of Appeals used this language:

---

[2] For other instances of the lesser offense being included in the greater, see West's Arkansas Digest, "Indictment and Information" § 189.

"The crimes of larceny and of knowingly receiving stolen property are not degrees of the same offense, although they may be joined in one indictment under Section 127, Criminal Code of Practice; *Goodin* v. *Commonwealth,* 235 Ky. 349, 31 S. W. 2d 380. There was no count in the instant indictment charging defendant with knowingly receiving stolen property, therefore, he could not have been convicted of that offense under the present indictment."

In 52 C.J.S. 800, "Larceny" § 5, the holdings[3] from the various jurisdictions are summarized:

"The crimes of larceny and receiving stolen goods knowing them to have been stolen are different offenses, and not degrees of the same offense, . . ."

We point out that since knowingly receiving stolen property is a separate offense from either burglary or larceny, it follows that the appellant, Elvis Pickens, has not been placed in jeopardy in this case for the offense of knowingly receiving stolen property under § 41-3934 Ark. Stats., and may still be charged and tried for knowingly receiving stolen property. In 22 C.J.S. 760, "Criminal Law" § 290, the holdings on this point are summarized:

*"Larceny and receiving stolen goods.* Although there is some authority to the contrary, an acquittal or conviction of larceny, or of aiding, abetting, and procuring the commission of larceny, is no bar to a subsequent indictment for receiving stolen goods, as the two crimes are separate and independent, require different facts to prove them, and the proof of either will not sustain a charge of the other. A prosecution for receiving stolen goods will not bar a prosecution for alleged theft of the same property; . . ."

---

[3] For those interested in pursuing a further study of this question, we mention the following: *In Re Powell* (N. C.), 84 S. E. 2d 906; *State* v. *Neill* (N. C.), 93 S. E. 2d 155; *Goodin* v. *Commonwealth* (Ky.), 31 S. W. 2d 380; *Aaronson* v. *U. S.* (4th Cir.), 175 F. 2d 41; *People* v. *Negrin,* 201 N. Y. S. 2d 59; *Samples* v. *State* (Okla.), 337 P. 2d 756; *State* v. *Dancyger* (N. J.), 143 A. 2d 753; *People* v. *Russell* (Calif.), 94 P. 2d 400; and see Annotation in 136 A.L.R. 1087, entitled: "May participant in larceny or theft be convicted of offenses of receiving or concealing the stolen property."

We therefore conclude that the Trial Court was in error in this case in submitting to the jury the question of whether the appellant was guilty of the offense of knowingly receiving stolen property; and the judgment herein is reversed. Since the appellant is on bond, the cause is remanded with directions to cancel liability on the bond; but without prejudice to the right of the State, if it so desires, to legally charge and try the appellant for the offense of knowingly receiving stolen property.

Holt, J., not participating.