279 A.2d 923.

STATE *vs.* DANIEL JAMGOCHIAN.

JULY 27, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

18

JOSLIN, J. On June 19, 1969 a complaint and warrant were lodged against Daniel Jamgochian charging that he "Did willfully stand on the sidewalk, to wit, Kennedy Plaza at the Bus Terminal, in the City of Providence, so as to obstruct a free passage for foot passengers, and did disturb and annoy passers' by and persons residing in the vicinity thereof, in violation of Chapter 30, Section[s] 10 & 11 of the Ordinances of the City of Providence of 1914 as amended." After being adjudged guilty and fined in the police court of the city of Providence, Jamgochian appealed to the Superior Court where he was tried before a judge sitting without a jury, again found guilty, and sentenced to pay a fine of $5 and costs. He is now before us on a bill of exceptions wherein his single exception is to the trial justice's finding him guilty.

In support of his exception, defendant argues, principally and in substance, (1) that the evidence was not sufficient to justify a finding of guilty, and (2) that the complaint, and the ordinance upon which it was predicated, are so vague, general, uncertain and so lacking in specificity as to constitute a violation of his rights to due process under the fourteenth amendment of the Constitution of the United States and art. I, sec. 10 of our state constitution.

The facts are uncontroverted. Only one witness testified and he was the arresting officer. On June 18, 1969 at about 8:30 p.m. he and a fellow officer responded to a complaint that a group of youths were congregating in Kennedy Plaza near the bus terminal. On arrival at the scene they saw 20 to 25 persons, including defendant, standing and talking in groups of three or four. Some were on the eight-foot wide sidewalk, others were on the adjacent street. Those on the sidewalk so interfered with and so obstructed the free passage of pedestrians that a woman proceed-

ing along the sidewalk was required to step into the street in order to get around them.

After becoming aware of the situation, the police officers advised the congregants that they were blocking the sidewalk, ordered them to disperse and warned that they would be charged with "loitering and loafing" unless they dispersed. The officers then left the scene.

After a brief interval the officers returned. Of the 20 to 25 persons who formerly had been gathered there only defendant and one other remained. They were standing on the sidewalk and apparently conversing. Foot traffic in the vicinity was then heavy, but nobody "was trying to pass [them] on the sidewalk," and even though they were not completely obstructing free passage on the sidewalk, it would have been impossible for a pedestrian heading for a phone booth located nearby or for the bus terminal to reach his destination without walking around them. The officers advised defendant and his companion of their constitutional rights, reminded them of the earlier warning, and then took them into custody.

At the conclusion of the officer's testimony both the state and defendant rested. Following arguments of counsel the trial justice, in a bench decision, found the ordinance constitutional and that the complaint fairly charged an ascertainable offense, and then he pronounced defendant " * * * guilty of a violation of the ordinance Chapter 30, Section[s] 10 & 11 of the Ordinances of the City of Providence of 1914 as amended."

The ordinance Jamgochian was charged with violating, in substance, makes it unlawful for any person to stand on any sidewalk so as to obstruct free passage for foot passengers; or for any person to hinder, delay, disturb or annoy passers-by; or for any person obstructing a sidewalk to refuse to move immediately when requested to do so by a police officer. The complaint, however, although

framed in the language of the ordinance, ignores the legislative use of the disjunctive and charges defendant in the conjunctive, and in a single count, with obstructing a free passage for foot passengers *and* with disturbing and annoying passers-by and persons residing in the vicinity.

The change from the ordinance's disjunctive to the complaint's conjunctive poses no procedural difficulty for it is settled that "When a statute makes it a crime to do this, or that, or that, mentioning several cognate matters disjunctively, the complaint or indictment may ordinarily charge them all *conjunctively* in a single count." (Emphasis supplied.) *State* v. *Wood,* 14 R. I. 151 at 152. And when this is done — as it was here — and there is no pretrial motion that the complaint be amended to conform to the statute — and none was made in this case — proof of either of the offenses charged will support a conviction. *See State* v. *Mazzarella,* 103 R. I. 253, 255, 236 A.2d 446, 447-48.

So much for the procedural problem. We turn now to the Providence ordinance[1] in order to ascertain whether it is constitutional. A good starting point is *Cox* v. *Louisiana,* 379 U. S. 536, 85 S. Ct. 453, 13 L. Ed.2d 471. In that case, the Court, while at least implicitly indicating an awareness of the great weight which is customarily given to a person's right to be let alone, also recognized that it is

---

[1]The ordinance, as it appears in an exhibit offered by the state, reads as follows:

*"Loitering and Loafing*

No person shall stand on any footwalk, sidewalk, parking lot, doorstep or in any doorway in this city as to obstruct a free passage for foot passengers; or to hinder, delay, disturb or annoy passers-by or persons residing or doing business in the vicinity thereof.

Any person obstructing any footwalk, sidewalk, parking lot, step or doorway shall move immediately when requested to do so by a police officer.

Any person violating any of the provisions of this section shall' be fined not exceeding twenty dollars, or imprisoned for not more than ten days."

a necessary incident of the responsibility of government to control travel on its sidewalks and streets, and that municipalities have the duty as well as the responsibility to regulate the use of their sidewalks and streets and to keep them open and available for movement in order "* * * to assure the safety and convenience of the people in their use and the concomitant right of the people of free speech and assembly." *Id.* at 554, 85 S. Ct. at 464, 13 L. Ed.2d at 483.

In the exercise of those rights and in the fulfillment of these obligations, cities and towns may make it unlawful for a person to obstruct others in their lawful use of a sidewalk or street provided the regulatory legislation, on its face, is certain rather than vague, contains ascertainable standards, is not so broad as to condone punishment of a person for conduct which is constitutionally permissible and is so definite and specific that a person of common understanding, upon a reading, may readily ascertain whether or not what he intends to do is forbidden. *Coates* v. *City of Cincinnati,* 402 U. S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214; *Shuttlesworth* v. *City of Birmingham,* 382 U. S. 87, 86 S. Ct. 211, 15 L. Ed.2d 176; *Commonwealth* v. *Carpenter,* 325 Mass. 519, 91 N.E.2d 666; *State* v. *Caez,* 81 N. J. Super. 315, 195 A.2d 496; *City of Seattle* v. *Drew,* 70 Wash. 2d 405, 423 P.2d 522. See also generally annot. 25 A.L.R. 3d 836.

The foregoing, in general are the principles and guidelines courts apply in passing upon the constitutionality of "anti-loitering" ordinances.[2] We use them to test for constitutionality those portions of the Providence ordinance on which the alleged offenses of defendant are based. First, there is that part of the ordinance which makes it unlawful for a person to stand on a public sidewalk or

---

[2]The legislation enabling cities and towns of this state to enact "anti-loitering" statutes is G. L. 1956 (1970 Reenactment) §45-6-1.

street so as to obstruct a free passage for foot passengers. That provision is definite and certain, it points with reasonable specificity toward the prohibited conduct and it is written so that a man of common understanding can from a mere reading glean what he may and what he may not do. It does not apply to a person who merely stands on a public street corner, but only to one who stands there and obstructs the free passage of others. Neither does it leave the question of the arrest of a pedestrian to the "whim of any police officer" or to "the moment-to-moment opinions of a policeman on his beat" as would be the case if the ordinance made it unlawful for a person to stand or loiter upon a street or sidewalk after having been requested to move on by a police officer.

While the Supreme Court found a similar ordinance constitutional on its face, it recognized that it would require "* * * no great feat of imagination to envisage situations in which such an ordinance might be unconstitutionally applied." *Shuttlesworth* v. *City of Birmingham, supra* at 91, 86 S. Ct. at 214, 15 L. Ed.2d at 180. To be sure, the Birmingham ordinance differed from the Providence ordinance, but it did so only to the extent that it made the obstructionist's refusal to comply with an officer's request to move on an additional element of the offense. The difference, however, has no constitutional significance or implication. *City of Detroit* v. *Wedlow,* 17 Mich. App. 134, 169 N.W.2d 145.

In addition to prohibiting the obstruction of streets and sidewalks the Providence ordinance makes it unlawful for a person standing on a street or sidewalk to disturb or to annoy passers-by or others residing in the vicinity thereof and defendant was also charged with a violation of this part of the ordinance. The constitutionality of a similar provision was passed upon by the Supreme Court recently in *Coates* v. *City of Cincinnati, supra.*

24

In *Coates* at issue was a Cincinnati ordinance which made it a criminal offense for " '* * * three or more persons to assemble * * * on any of the sidewalks * * * and there conduct themselves in a manner annoying to persons passing by, or occupants of adjacent buildings.' " (See note 1 at 4630.) The Court found that its constitutional vices were that it was too vague because it neglected to specify any standard of conduct at all and left the man of common understanding in a position where he had to guess at its meaning; too broad because a violation might entirely depend upon whether or not a policeman was annoyed; and violative of the first and fourteenth amendments to the Federal Constitution which "* * * do not permit a State to make criminal the exercise of the right of assembly simply because its exercise may be 'annoying' to some people." *Coates* v. *City of Cincinnati*, 402 U. S. at 615, 91 S.Ct. at 1689, 29 L.Ed.2d at 218.

The constitutional infirmities and deficiencies of the Cincinnati ordinance apply equally to that portion of the Providence ordinance which makes it unlawful for any person standing on a sidewalk to "* * * disturb or annoy passers-by or persons residing or doing business in the vicinity thereof."

To answer the constitutional questions will not, however, suffice in this case. There still remains the problem which arises because the trial justice gave not the slightest indication as to whether he was finding Jamgochian guilty of "obstructing" or of "annoying and disturbing." His failure in this respect makes it impossible for us to say that he did not judge the defendant by the unconstitutional provision of the Providence ordinance. For the foregoing reasons the defendant's conviction cannot stand. *Shuttlesworth* v. *City of Birmingham, supra*.

The defendant's exception is sustained, and the case is remitted to the Superior Court for a new trial.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.