367 A.2d 1069.

IN RE EARL L. FISKE, III.

JANUARY 14, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. On June 26, 1975, Earl L. Fiske, III, a minor, appeared before a Family Court justice to answer to a petition seeking to have him declared a delinquent child within the meaning of G. L. 1956 (1969 Reenactment) §14-1-3(F)[1] by reason of his having harassed and annoyed Gloria Siegel by telephone in violation of §11-35-17.[2] The trial

---

[1] The term "delinquent child" is defined in G. L. 1956 (1969 Reenactment) §14-1-3(F) as a child

"[w]ho has committed any offense which, if committed by an adult, would constitute a felony, or who has on more than one (1) occasion violated any of the other laws of the state or of the United States or any of the ordinances of cities and towns, other than ordinances relating to the operation of motor vehicles."

The offense that Earle Fiske was found to have committed in this case is a misdemeanor. The record shows, however, that he had been before the Family Court on "quite a few" previous occasions. Thus, the adjudication of delinquency apparently was based upon repeated violations rather than upon felonious conduct.

[2] The summons in the case charges a violation of G. L. 1956, §11-37-17, a nonexistent statute. Because we reverse on other grounds, we ignore this defect.

justice found that Fiske had threatened Mrs. Siegel over the telephone and placed him on probation for 1 year. Fiske appealed.

It appears that during the evening of February 22, 1975 and the early morning of February 23, 1975, Fiske repeatedly telephoned Mrs. Siegel's residence. He asked for her daughter, Linda, but was told that she was asleep. Fiske admitted making the telephone calls, but explained them by saying that he had been out with Linda earlier in the evening of the 22nd, that he had left her with "a guy in the car that I didn't like too well" and that, concerned for her well-being, he had called to make certain that she had arrived home safely. He also admitted that during the last of the telephone conversations he said, "[i]f you don't stop talking, Mrs. Siegel, then you are not going to have a house and you are not going to have a car." He insisted, however, that he did not make this so-called threatening statement until after Mrs. Siegel had threatened him.

On the basis of the foregoing evidence, the trial justice found that "* * * the evidence is beyond a reasonable doubt that this boy did do what has been stated and testified to by the complaining witness that he did, *did threaten*. I, therefore, find him guilty * * *." (Emphasis added.) That finding is patently defective, it being axiomatic that a person charged with a particular offense cannot be convicted of another and distinct offense even though the other is closely related or of the same general character. *See, e.g., Reynolds* v. *State,* 274 Ala. 171, 173, 146 So.2d 85, 87 (1962); *Pickens* v. *State,* 236 Ark. 404, 406, 366 S.W.2d 283, 285 (1963); *Casadas* v. *People,* 134 Colo. 244, 247, 304 P.2d 626, 628 (1956); *State* v. *Minor,* 197 Kan. 296, 298-99, 416 P.2d 724, 727 (1966). This is so even when a defendant is charged with violating a statute that, like §11-35-17,

provides a penalty for acts in the disjunctive.[3] It is true that under this kind of statute proof of any one of the proscribed acts will sustain a conviction, provided the charge is framed in the conjunctive. *State* v. *Jamgochian*, 109 R.I. 17, 21, 279 A.2d 923, 925-26 (1971). When only one of the offenses set forth in the statute is charged, however, proof of one of the others will not suffice. *Long* v. *State*, 92 So.2d 259, 260 (Fla. 1957); *People* v. *Strassner*, 299 N.Y. 325, 328, 87 N.E.2d 280, 281 (1949); *Fuller* v. *State*, 120 Tex. Crim. 66, 67, 48 S.W.2d 303, 304 (1932).

These principles apply no less to a juvenile in a Family Court setting than they do to an adult in a criminal courtroom. Although a juvenile hearing need not provide all the safeguards of a criminal trial, it must measure up to the essentials of due process and fair treatment. *In re Gault*, 387 U.S. 1, 30-31, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 547-48 (1967). Among those essentials are the right to "* * * be notified, in writing, of the specific charge or factual allegations to be considered at the hearing * * *," *id.* at 33, 87 S.Ct. at 1446, 18 L.Ed.2d at 549; *accord, Gonsalves* v. *Devine*, 110 R.I. 515, 520, 294 A.2d 206, 209 (1972), and "* * * a chance to be heard in a trial of *the issues raised by that charge* * * *," *Cole* v. *Arkansas*, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644, 647 (1948) (emphasis added). In sum, the principle that a defendant, be he juvenile or adult, cannot be found to have committed

---

[3]General Laws 1956 (1969 Reenactment) §11-35-17 provides:

"Crank, obscene telephone calls—Punishment.—Whoever shall telephone any person repeatedly or cause any person to be telephoned repeatedly for the sole purpose of harassing, annoying, or molesting such other person or his family, whether or not conversation ensues; *or* whoever shall telephone any person for the purpose of using any threatening, vulgar, indecent, obscene or immoral language over the telephone, shall be guilty of a misdemeanor and shall be punished by a fine of not more than five hundred dollars ($500) or by imprisonment for not more than one (1) year or both." (Emphasis added.)

an offense not set forth in the charge against him is simply an adjunct to or corollary of the constitutional right to specific notice. *See State* v. *Cody,* 180 S.C. 417, 423-24, 186 S.E. 165, 167 (1936).

In this case, Fiske was charged with a violation of §11-35-17.[4] That enactment is in the disjunctive. It criminalizes telephoning another for the purpose of *either* (1) harassing, annoying, or molesting *or* (2) using threatening, vulgar, indecent, obscene or immoral language. Those are separate and distinct cognate offenses. In accordance with the legal principles already referred to, Fiske was entitled to be informed which of those two offenses he was being charged with, to be tried accordingly, and not to be found guilty of an offense differing from the one charged. Notwithstanding that entitlement, the trial justice pronounced him "guilty" of violating the second part of §11-35-17, which makes it a misdemeanor to use threatening language over the telephone, when in fact he was charged under the first part of the statute with making an harassing and annoying telephone call. To convict him in that manner deprived him of rights that were his due under *In re Gault, supra,* and constituted a "sheer denial of due process." *De Jonge* v. *Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278, 282 (1937).

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Family Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Bruce G. Pollock,* Asst. Public Defender, for defendant.

---

[4]The statute is set out in note 3 *supra.*