STATE

v.

Robert PAYETTE.

No. 87–547–C.A.

Supreme Court of Rhode Island.

April 14, 1989.

James E. O'Neil, Atty. Gen., Nicholas Trott Long, Annie Goldberg, Asst. Attys. Gen., for plaintiff.

Barbara Hurst, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

MURRAY, Justice.

A Superior Court jury returned a verdict of guilty with reference to charges of robbery and conspiracy to rob against Robert Payette. The trial justice set aside the conspiracy verdict. Payette now appeals his robbery conviction. This appeal is premised solely on the grounds that the jury instructions did not contain a specific instruction that the state was required to prove Payette's identity as the perpetrator of the crime beyond a reasonable doubt.

At trial, corrections officers, a policeman, and a prison inmate testified to the following:

Kevin Keith was the victim of the crime. He was an inmate at the Adult Correctional Institutions (ACI) in South Station and lived in cell B–19. One day two other inmates appeared and stood in front of the door to Keith's cell. They peered in at him and made him nervous. The shorter man told the other to have the guard open up cell B–19. The taller one left, and presumably went to the control box at the end of the row of cells where the guard could switch open the door electronically. Soon the cell door opened, and the shorter man entered the cell. He told Keith to take off his sweat pants, pushed Keith back onto his bunk, and held a knife to his throat. By now the taller man had also entered. Keith was pinned down on his bunk, and the taller man removed Keith's maroon sweat pants. The two intruders left with the pants. Later that day, Keith told a guard about the robbery. Keith described the robbers and the homemade knife. Prison authorities used this information in an effort to find the perpetrators.

Two inmates fit Keith's descriptions, Robert Payette and Norman Lawrence. A guard searched Payette's cell and found a homemade knife concealed in the lining of a coat. The knife was made of two pieces of metal stuck together and shoved into a tube. It fit the description given by the victim. Lawrence's cell was also searched and the maroon sweat pants were found inside a bag sitting on a shelf. After the discovery of this incriminating evidence, those investigating the crime attempted to get a positive identification of the suspects.

A photo array is a group of individual photographs of different persons. Often the photographs used are mug shots. Photo arrays were shown to Keith. These arrays included a photograph of one of the suspects together with photographs of other persons. On two separate occasions, Keith was shown a photo array and was

able to pick out Payette's picture as the man who held the knife to his throat. However, on two separate occasions Keith was unsuccessful in recognizing Lawrence's photograph from among a group. About a week after the robbery, a police officer from outside the ACI tape-recorded a formal statement by Keith. In the statement, Keith transposed the hair color of Payette and Lawrence. Keith incorrectly described Lawrence's hair as dark blonde when in fact his hair is black. Keith stated that Payette's hair was black when in fact it is dark blonde.

Payette and Lawrence were charged and tried as codefendants for robbery and conspiracy to rob under G.L.1956 (1981 Reenactment) §§ 11–39–1 and 11–1–6. At trial, Keith made an in-court identification of both Lawrence and Payette. In his closing argument, Lawrence's attorney emphasized that Keith had twice been unable to identify Lawrence from a photo array. Counsel for Lawrence also pointed to evidence presented that because the cell doors are made of bars, the inmates are able to pass things to one another from inside their cells, implying another inmate could have given Lawrence the pants. The jury acquitted Lawrence of robbery and conspiracy to rob. However, the jury returned a verdict of guilty on both charges against Payette. The trial justice then entered a judgment of acquittal on the conspiracy-to-rob count. (Under Rhode Island law, the state must prove that at least two persons conspired to obtain a conspiracy conviction. Therefore when only two persons are charged with conspiracy and one is acquitted, a conviction of the other alleged conspirator is impossible. *State v. Donato*, 414 A.2d 797, 800 (R.I.1980).)

The issue presented by this case is whether a trial justice, when instructing a jury, must give a specific instruction that the state must prove the defendant's identity as the perpetrator of the crime beyond a reasonable doubt. We hold that a trial justice is not required to give a specific instruction on identity.

Jury instructions must correctly state the law applicable to the charges upon which the jury must deliberate. *State v. Andrade*, 544 A.2d 1140, 1143 (R.I.1988). To determine whether the instructions state the applicable law, the inquiry is "how a jury composed of ordinarily intelligent persons listening to that instruction * * * would have appreciated the instructions as a whole." *State v. Cipriano*, 430 A.2d 1258, 1262 (R.I.1981). The instructions given must be taken as a whole as "this court reviews the jury charge in its entirety to determine its correctness." *State v. Hadrick*, 523 A.2d 441, 444 (R.I. 1987).

In criminal cases, the defendant's identity as the perpetrator of the crime must be proven beyond a reasonable doubt. *State v. Lewis*, 115 R.I. 217, 226, 341 A.2d 744, 749 (1975). A case on point in regard to jury instructions on identity is *State v. Andrade*, 544 A.2d 1140 (R.I.1988). In *Andrade*, the criminal defendant appealed his conviction. *Id.* at 1141. One ground upon which the defendant appealed was that the trial justice failed to instruct the jury properly about identification testimony. *Id.* at 1142. In reviewing the charge to the jury, we stated that it is proper for a trial justice to give a general instruction that the state must prove beyond a reasonable doubt that the defendant was the perpetrator. We further held that a specific instruction setting forth factors to be considered in determining the reliability of a witness's identification is not required. *Id.* at 1143. In regard to whether general or specific instructions should be given regarding the identification of a defendant, we stated:

"We * * * believe that the better practice for a trial justice is to rely on general instructions concerning identification." *Id.*

Hence it is established Rhode Island law that a specific jury instruction on identification is not mandatory and failure to give such an instruction is not reversible error.

There are authorities inapposite of Rhode Island law. *See, e.g., United States v. Telfaire*, 469 F.2d 552, 558–59 (D.C.Cir. 1972); 1 Devitt and Blackmar, *Federal Jury Practice and Instructions*, § 15.19 at 477–78 (3rd ed.1977). They hold that in

some cases when there is only one witness identifying a defendant, a specific charge on identification is necessary. However, we base our holding that a specific instruction need not be given and a general instruction is preferable on the rationale that a specific instruction may be construed to be partisan comment by the trial justice. *State v. Hadrick*, 523 A.2d at 444. Similarly, a trial justice is not required to give specific instructions requested by a party so long as the instructions given adequately cover the applicable law. *State v. Fenner*, 503 A.2d 518, 525 (R.I.1986). This holding in regard to requested instructions is also based on the rationale that such requested instructions may be worded in a way that is partisan. *Id.*

Jury instructions must clearly express which side has the burden of proof. It is crucial that every effort be made in couching jury instructions to avoid language that may be interpreted as placing the burden of proof on the defendant. *State v. Desmarais*, 479 A.2d 745, 747 (R.I.1984).

Regarding the case at bar, at the end of the trial the trial justice instructed the jury on the elements of robbery. He outlined the three elements of robbery, and then continued that:

> "If the State has proved all three elements beyond a reasonable doubt *with reference to either or both of these defendants*, then as to that defendant or those defendants your verdict must be guilty. If the State has not proved any one or more of these elements *with reference to either or both defendants*, then as to that defendant, or as to those defendants, your verdict must be not guilty." (Emphasis added.)

After enumerating the three elements of robbery, the trial justice stated that these elements must be proven beyond a reasonable doubt, and that such proof is "with reference to either or both of these defendants." "With reference to either or both of these defendants" means that it is either or both of defendants who must have committed each of the three elements and therefore were the perpetrators of the crime. An average juror would take such

language to mean identity. In examining the jury charge, we find no possibility that the jury was not clearly apprised that the state had to prove defendant's identity as the perpetrator of the crime beyond a reasonable doubt. On the contrary, we note that it is possible that the jury acquitted Lawrence precisely because it felt that his identity was not proven beyond a reasonable doubt. Keith's ability to identify Lawrence was much less consistent than his ability to identify Payette.

Defense counsel asserts that the jury charge in this case could be taken to mean that all the elements of robbery must be proven beyond a reasonable doubt, but that who was committing such elements need not be proven beyond a reasonable doubt. This argument suggests that somehow the instructions could be taken to mean that as long as it was clear beyond a reasonable doubt that someone committed the robbery, defendant could be found guilty even if it wasn't clear beyond a reasonable doubt that it was he. This interpretation is far afield from the clear directive of the jury instructions.

The trial justice further charged the jury that the presumption of innocence "is with the defendants unless and until the State convinces the jury by proof beyond a reasonable doubt as to their guilt * * *." He continued that:

> "I remind you that the whole burden in a criminal case is on the State to prove the defendants guilty beyond a reasonable doubt and it never shifts to the defendant in any part to demonstrate to the jury that he is innocent of these charges."

The trial justice explained very clearly that the defendant had no burden of proof to establish his innocence. Viewed as a whole and as quoted above, the jury instructions in this case were lucid, patient, and thorough.

The defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers are remanded to the Superior Court.