STATE

v.

Michael J. GLYNN.

No. 94–595–CA.

Supreme Court of Rhode Island.

May 3, 1995

Jeffrey Pine, Atty. Gen., Jodi Gladstone, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court for oral argument on April 7, 1995, pursuant to an order that directed both the state and the defendant, Michael J. Glynn, to show cause why the issues raised in this appeal should not be summarily decided. The defendant has appealed from a Superior Court judgment of conviction of mayhem and felony assault resulting in serious bodily injury for which conviction he was sentenced to ten years, fully suspended, with probation and restitution.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

The defendant raised four issues on appeal. First he contended that the trial justice erred by refusing to charge the jury on simple assault as a lesser included offense of mayhem. The defendant, however, has waived this issue on appeal: his requested jury instructions did not suggest a charge on

 

simple assault, nor did defendant's trial counsel object to the trial justice's omission of the lesser-included-offense instruction. Rule 30 of the Superior Court Rules of Criminal Procedure specifically provides that no party may claim as error any portion of the charge or omission therefrom unless the party objects before the jury retires, stating distinctly the matter to which the party objects and the grounds upon which the objection is made. Because defendant did not object, he was precluded from raising this issue for the first time on appeal. *State v. Burke,* 529 A.2d 621, 627 (R.I.1987).

 The defendant next argued that the trial justice erred by reading the entire mayhem statute to the jury and that the trial justice's instructions allowed the jury to convict defendant of acts he did not commit, citing *In re Fiske,* 117 R.I. 454, 458, 367 A.2d 1069, 1072 (1977). The statute at issue in *Fiske,* however, contained distinct offenses. The mayhem statute, G.L.1956 (1981 Reenactment) § 11–29–1, as amended by P.L. 1990, ch. 84, § 1, sets forth only one offense. The trial justice's instructions therefore "correctly state[d] the law applicable to the charges upon which the jury must deliberate." *State v. Payette,* 557 A.2d 72, 73 (R.I. 1989).

 The defendant next asserted that the trial justice erred in refusing his request that the jury be instructed that intoxication can negate the specific intent required to convict on mayhem. Because, however, § 11–29–1 requires that an individual act "voluntarily, maliciously or of purpose," those words set forth a requirement that the accused act with general intent. There is no language in the statute that requires more than proof that "the defendant intended to do the proscribed act, that it was done unlawfully, and that it was not done inadvertently." *In re Michael,* 423 A.2d 1180, 1183 (R.I.1981). Thus, because mayhem is a general intent crime, the defense of intoxication is not available.

 The defendant's final argument is that the trial justice erred in denying his motion to dismiss and in denying his motion for judgment of acquittal based on double jeopardy. The defendant claimed that may-

hem and assault resulting in serious bodily injury are the same crime. We have stated previously that the test to be applied to determine whether a defendant is being placed twice in jeopardy for the same offense is whether each crime requires proof of an element distinct from the other. *State v. Grabowski,* 644 A.2d 1282, 1284–85 (R.I. 1994). A review of the statutes in question reveals that proof of different additional facts would be required to establish each of these crimes. Therefore, there was no violation of the defendant's right to be free from being placed in jeopardy twice on the same offense. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

Therefore, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court. The papers in the case may be returned to the Superior Court.