STATE

v.

Elvis **LEONARDO**.

No. 95–55–CA.

Supreme Court of Rhode Island.

June 5, 1996.

---

Aaron Weisman, Asst. Attorney General, for Plaintiff.

Paula Lynch Hardiman, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This case came before the court May 9, 1996, for oral argument pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Elvis Leonardo, appeals from a judgment of conviction of the crime of assault with a dangerous weapon. He was sentenced to twenty years' imprisonment, ten years to serve and ten suspended, with his period of probation to begin at the time of his release from the Adult Correctional Institutions. The defendant was acquitted of a companion charge of conspiracy to commit the crime of assault with a dangerous weapon. We affirm the conviction. The facts insofar as pertinent to this appeal are as follows.

Michael Cuscia (Cuscia) testified that on the evening of June 28, 1993, he was driving his automobile in downtown Providence while accompanied by his girlfriend. As he was stopped at the traffic light on the southwest corner of College Hill and South Main Street during his course of travel in an easterly direction, a white Toyota automobile came into contact with Cuscia's car. He immediately proceeded through the intersection, drove to the side of the road, and left his car to check for damage. As Cuscia was about to inspect the rear of his automobile, he noted defendant facing him with his right hand behind his back. Cuscia testified that he retreated toward his automobile while attempting to talk to defendant. As defendant approached Cuscia, he brandished a metal pipe, as if to strike Cuscia.

At this point Cuscia seized defendant's wrist and pulled defendant over his car in order to break the grip on the pipe. As Cuscia did so, the passenger in defendant's car came from behind Cuscia with a two-by-four-inch wooden board and struck Cuscia in the head and other parts of the body. Cuscia fell to the ground and covered his head with his hands. While Cuscia was on the ground, defendant struck him with the metal pipe, causing him to bleed profusely, and he became dazed. The beating continued until a police officer arrived. The officer, Shawn Maxwell (Officer Maxwell), placed defendant under arrest. Cuscia was brought to the Rhode Island Hospital by ambulance where he received ten staples in his head to close the wound caused by a blow from the metal

pipe and underwent various diagnostic procedures including a CAT scan and x rays.

The state presented Alan Parascandolo, who testified that at approximately 9 p.m. on June 28, 1993, while driving his Jeep Cherokee along South Main Street, he saw two black men beating a white man repeatedly with a pipe and a length of wood. Parascandolo's girlfriend who was the passenger in his automobile, also testified that she saw two "dark guys" repeatedly beat a "white guy" and that the white guy "was bleeding and he couldn't get up." Officer Maxwell also testified that he observed defendant push the victim down and strike him in the face and on the head with a pipe when he tried to get up. The officer testified that the pipe that he removed by kicking it from defendant's hand was "covered with blood" and had "human hair stuck to it."

The defendant testified that he had acted in self-defense. He stated that Cuscia pulled over, left his car, and ran toward defendant. He stated that Cuscia said, "What are you going to do now, little man?" The defendant further stated that Cuscia aimed a blow at him before defendant struck him with a pipe that he had picked up from the gutter. The defendant stated that Cuscia grabbed him by the neck and threw him to the side of the car. At this point defendant said that his passenger struck Cuscia in the back with a board. He testified that he and Cuscia struggled for possession of the pipe and that he struck Cuscia only once with the pipe.

The trial justice instructed the jury on the element of self-defense. The defendant on appeal objects to the instruction, but at trial no objection was raised. The instruction is the sole basis for defendant's appeal.

We have stated repeatedly that we shall not consider an issue raised for the first time on appeal. *See, e.g., State v. Glynn,* 658 A.2d 6 (R.I.1995); *State v. Thomas,* 654 A.2d 327 (R.I.1995); *State v. Burke,* 522 A.2d 725 (R.I. 1987). As we pointed out in *State v. Burke,* the only exception to this raise-or-waive rule arises when an issue of constitutional dimension based on a novel rule of law is presented of which counsel could not reasonably have known during the course of trial. 522 A.2d

at 731. This exception is not presented in the case at bar.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.