STATE

v.

**Charles R. BIANCO.**

No. 85–155–C.A.

Supreme Court of Rhode Island.

Dec. 13, 1985.

Arlene Violet, Atty. Gen., Constance Messore, Spec. Asst. Atty. Gen., for plaintiff.

Joseph Romano, Jr., Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case came before the court for oral argument on November 13, 1985, pursuant to an order that had been directed to both parties to show cause why this case should not be summarily decided. The sole issue in the case is whether the provisions of Rule 7(b) of the Superior Court Rules of Criminal Procedure mandate that this case should have been commenced by indictment rather than by information. That rule reads as follows:

"Waiver of Indictment or Information. With the consent of the Attorney General and leave of the Superior Court, any offense other than one punishable by death or by a mandatory term of life imprisonment, may be prosecuted by complaint or information, if the defendant, after he has been advised of the nature of the charge and of his rights, waives in writing and in open court, prosecution by indictment, *where applicable,* and consents to proceed by complaint or information, as the case may be. Consent to proceed by complaint shall operate as a waiver of prosecution by information, where applicable." (Emphasis added.)

The rule must also be construed in the light of article 40 of the amendments to the Constitution of Rhode Island, which contains the following language:

"§ 1. Presentment or indictment—Information by attorney general—Double jeopardy.—Except in cases of impeachment, or in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger, no person shall be held to answer for any offense which is punishable by death or by imprisonment for life unless on presentment or indictment by a grand jury, and no person shall be held to answer for any other felony unless on presentment or indictment by a grand jury or on information in writing signed by the attorney general or one of his designated assistants, as the general as-

sembly may provide and in accordance with procedures to be enacted by the general assembly * * *."

Following the adoption of this article of amendment, the General Assembly enacted G.L.1956 (1981 Reenactment) §§ 12–12–1.1 and 12–12–1.2.[1] These sections provide that offenses punishable by death or life imprisonment shall be prosecuted by indictment, unless indictment be waived by the defendant with the consent of the Attorney General and leave of the court, and further provide that felonies punishable by a term exceeding one year, but less than life imprisonment, or a fine exceeding $500, may be prosecuted either by indictment or by information signed by the Attorney General or one of his or her designated assistants.

 This constitutional and statutory procedural structure clearly provides that felonies other than those punishable by death or life imprisonment may be prosecuted by information at the option of the Attorney General. Rule 7(b) must be construed and considered in the light of this constitutional and statutory structure. As a consequence, the words "where applicable" are of great significance in interpretation of the rule. The rule provides the defendant with a limited option of waiving indictment *"where applicable."* These words would apply in the case in which an indictment is mandatory save at the option of the defendant, with the consent of the Attorney General and leave of the court. This situation would arise only in the case of crimes punishable by death or life imprisonment. The rule further gives the defendant the option to waive prosecution by information and to proceed by complaint even though the statute would provide for prosecution by either indictment or information. The rule does not purport to expand the defendant's right to prosecution by indictment in situations in which neither the constitution nor the statute so requires.

 In the case at bar the defendant, Charles R. Bianco, was charged with assault with a dangerous weapon. This charge is not punishable either by death or by life imprisonment but is governed by the provisions of G.L.1956 (1981 Reenactment) § 11–5–2, as amended by P.L. 1981, ch. 76, § 1, which provides for a maximum penalty of ten years' imprisonment. This is a crime that is clearly within the constitutional and statutory provisions permitting prosecution by information at the option of the Attorney General. Consequently, no waiver of indictment by the defendant was necessary under the provisions of Rule 7(b) of the Superior Court Rules of Criminal Procedure.

For the reasons stated, we are of the opinion that the defendant's argument in support of his appeal is without merit and that his appeal must be denied and dismissed. Therefore, the judgment of conviction is affirmed, and the papers in the case may be remanded to the Superior Court.

---

**1.** General Laws 1956 (1981 Reenactment) §§ 12–12–1.1 and 12–12–1.2 are set forth in full below:

"An offense which may be punished by death shall be prosecuted by indictment. An offense which may be punished by a term of life imprisonment shall be prosecuted by indictment unless the defendant with the consent of the attorney-general and leave of the court, waives indictment, in which event it may be prosecuted by information."

"Except for offenses punishable by death or by a term of life imprisonment or offenses arising in the land or naval forces or in the militia in actual service in time of war or public danger, an offense which may be punished by imprisonment for a term exceeding one (1) year and/or by a fine exceeding five hundred dollars ($500) may be prosecuted by indictment or by information signed by the attorney general or one (1) of his designated assistants."