**In re STEVEN.**

**No. 85–431–Appeal.**

Supreme Court of Rhode Island.

June 17, 1986.

Laureen Quaranto D'Ambra, Dept. for Children & Their Families, Arlene Violet, Atty. Gen., John Farley/Thomas Dickinson, Spec. Asst. Attys. Gen., for plaintiff.

Nicholas L. Colangelo, Providence, for defendant.

## OPINION

MURRAY, Justice.

This matter is before this court on appeal by the State of Rhode Island from a Family Court order granting Steven's motion to dismiss a delinquency petition. We reverse.

On March 10, 1985, Steven allegedly escaped from the Rhode Island Training School. At the time of the incident, respondent was fifteen years of age. Thereafter, the state, alleging violation of G.L. 1956 (1981 Reenactment) § 11–25–16, filed a petition in the Family Court seeking to have Steven adjudged delinquent.[1] However, at the time of the alleged escape, Steven had not yet attained the age of sixteen and therefore did not come within the purview of § 11–25–16. As a result, the petition was amended to allege "escape from lawful custody," an apparent reference to § 11–25–22, as enacted by P.L. 1984, ch. 116, § 1.

Thereafter, Steven moved to dismiss the petition. The respondent contended that the petition, which failed to define "escape from lawful custody," was so vague, indefinite, and uncertain that it failed to apprise him of the offense charged, in violation of his constitutional rights to due process and equal protection of the laws. The trial justice granted respondent's motion. In so doing, the court

1. General Laws 1956 (1981 Reenactment) § 11–25–16 provides in pertinent part as follows:

"Juvenile escapees. —Any person sixteen (16) years or older who shall escape from the Rhode Island training school for youth after having been placed in such institution by the order of a family court judge or any such person who shall escape from the adult correctional institutions after having been placed in such institution by an order of a family court judge shall upon conviction be imprisoned for a term not exceeding two (2) years and/or a fine not exceeding one thousand dollars ($1,000)."

did not address Steven's argument that the petition was constitutionally infirm. Rather, the trial justice concluded that Steven, as a minor, was not within the purview of § 11–25–22. The trial justice found the existence of a separate provision, § 11–25–16, which specifically addresses escapes from the training school by juveniles, to be indicative of a legislative intent to limit the applicability of § 11–25–22 to adult escapees. We disagree.

Section 11–25–22 provides as follows:

"Escape from custody. —Any person who shall attempt to escape, or who shall escape, from any lawful custody where a penalty is not otherwise provided by law, shall, upon conviction thereof, be deemed guilty of a misdemeanor."

The language of the statute is clear. Section 11–25–22 expressly includes within its parameters "any person" who escapes from lawful custody. The statute is devoid of any indication that the phrase was intended to exclude juveniles.

■ When, as in the instant case, the language of a statute is clear and unambiguous and does not contradict an evident legislative purpose, statutory intent must be determined solely therefrom. *Moore v. Rhode Island Share and Deposit Indemnity Corp.*, 495 A.2d 1003, 1004 (R.I. 1985); *Walsh v. Gowing*, 494 A.2d 543, 546 (R.I. 1985). The statute must be read literally, giving its words their plain and ordinary meaning. *City of Warwick v. Aptt*, 497 A.2d 721, 724 (R.I. 1985); *Moore*, 495 A.2d at 1004; *Walsh*, 494 A.2d at 546.

Applying such a standard, we find that all escapees, whether juveniles or adults, fall within the purview of § 11–25–22. This inclusion is subject only to the proviso that the conduct complained of not be punishable under any other statute. In so concluding, we find our reasoning in *State v. Caprio*, 477 A.2d 67 (R.I. 1984), to be equally applicable here. In *Caprio* we held that the phrase "any person," as employed in Rhode Island's first-degree-arson statute, included firefighters. We stated that "the very breadth of the term 'any person'

defies the exclusion of any class of persons. That term is so broad as to require exclusion, not specific inclusion." *Id.* at 71.

We do not find our interpretation of § 11–25–22 to be inconsistent with the legislative intent evinced by the overall statutory scheme. That the Legislature, through § 11–25–16, has chosen to provide for imposition of more severe sanctions when a training school escapee is sixteen years of age or older does not require a contrary conclusion.

Further, our finding that § 11–25–22 is equally applicable to juveniles and adults is not inconsistent with the separate treatment traditionally afforded juvenile offenders. In general, our criminal statutes do not distinguish between, and are equally applicable to, adults and juveniles. It is only through the operation of the Family Court Act, G.L. 1956 (1981 Reenactment) chapter 1 of title 14, that juvenile offenders are placed within the exclusive jurisdiction of the Family Court and that the ultimate issue presented for judicial determination becomes whether the accused is delinquent or wayward.

■ The remaining issue before us is whether the amended petition, which alleged, without defining, "escape from lawful custody," failed to adequately apprise respondent of the offense with which he was charged, in violation of Steven's constitutional rights to due process and equal protection of the laws. We conclude that neither the petition nor § 11–25–22 is constitutionally infirm.

■ Although a juvenile hearing need not provide all of the safeguards of a criminal trial, it must contain the essential elements of due process and fair treatment. Such essentials include the juvenile's right to receive written notice of the charges against him. *In re Fiske*, 117 R.I. 454, 457, 367 A.2d 1069, 1072 (1977).

The amended petition expressly alleged that on March 10, 1985, respondent escaped from the training school and therefore from lawful custody. Such allegations pro-

vided Steven with adequate notice of the act with which he was charged.

The due-process clause of the Fourteenth Amendment to the United States Constitution requires that criminal statutes set forth with reasonable clarity those acts that they proscribe. *State v. Alegria,* 449 A.2d 131, 133 (R.I. 1982); *State v. Tweedie,* 444 A.2d 855, 857 (R.I. 1982). The standard that we apply in determining whether a challenged statute is unconstitutionally vague is whether the language employed therein provides adequate warning to persons of ordinary intelligence as to the conduct prohibited. *State v. Alegria,* 449 A.2d at 133.

Section 11–25–22 comports with this requirement. As employed therein, the phrase "escape from lawful custody" is unambiguous. Its meaning is obvious to, and commonly understood by, persons of ordinary intelligence.

For the reasons stated, the state's appeal is sustained and the judgment appealed from is reversed. The matter is remanded to the Family Court for further proceedings.