STATE

v.

Carl R. YOUNG.

No. 86–142–C.A.

Supreme Court of Rhode Island.

Jan. 9, 1987.

Arlene Violet, Atty. Gen., Thomas Dickinson, Annie Goldberg, Spec. Asst. Attys. Gen., for plaintiff.

Keven A. McKenna, Charles Greenwood, McKenna Greenwood & Feinstein, Providence, for defendant.

## OPINION

MURRAY, Justice.

In this criminal action the trial court, pursuant to G.L.1956 (1985 Reenactment) § 9–24–27, certified the following question of law to this court:

"May a non-drug dependent person, as defined in § 21–28–4.01(2), be subject to the penalties of § 21–28–4.01(2) for possession of marijuana with the intent to deliver?"

Determination of the question is significant to the case because the defendant, an admittedly non-drug-dependent person, has been charged with possession of marijuana with intent to deliver.

General Laws 1956 (1982 Reenactment) § 21–28–4.01, as amended by P.L.1985, ch. 154, § 1, reads in part:

"(A) Except as authorized by this chapter, it shall be unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance.

"(1) Any person who is not a drug dependent person, as defined in § 21–28–1.02(15), who violates this subsection with respect to a controlled substance classified in schedules I or II, except the substance classified as marijuana, is guilty of a crime and upon conviction may be imprisoned to a term up to life, or fined not more than two hundred and fifty thousand dollars ($250,000), or both.

(2) Any person, except as provided for in subsection (A) (1) who violates this subsection with respect to:

(a) a controlled substance classified in schedule I or II is guilty of a crime and upon conviction may be imprisoned for

not more than thirty (30) years, or fined not more than one hundred thousand dollars ($100,000) or both."

The defendant argues that the crime of possessing marijuana with the intent to deliver is not punishable under § 21–28–4.-01(A)(2)(a). He contends that when the Legislature drafted subsection (A)(2) to read "[a]ny person, except as provided for in (1) of this subsection," it meant to provide only penalties for drug-dependent persons who are charged with offenses relating to substances other than marijuana, since subsection (A)(1) provides penalties for non-drug-dependent persons charged with offenses relating to substances other than marijuana. Hence, defendant argues, he is punishable only under § 21–28–4.09.[1]

The state contends that the subsection-(A)(2) words "except as provided for in (1)" mean *all* people not provided for in (A)(1), including non-drug-dependent persons who are charged with offenses relating to the substance marijuana. We agree.

Though penal statutes must be strictly construed in favor of the party upon whom the penalty is to be imposed, where the statute is clear on its face there is no need to apply the usual canons of statutory construction, for the statute declares itself. *State v. Calise*, 478 A.2d 198, 200–01 (R.I.1984).

The phrase "any person" means *all persons*. *State v. Caprio*, 477 A.2d 67, 71 (R.I.1984). The term "except" means *not including*. Oxford American Dictionary (1980). Marijuana is a schedule I controlled substance. Section 21–28–2.-08(d)(10). Thus, whereas subsection (A)(1) of § 21–28–4.01 provides penalties for persons who manufacture, deliver, or possess with intent to deliver schedule I or II controlled substances other than marijuana, subsection (A)(2) provides penalties for all persons, excluding persons already provid-

---

1. General Laws 1956 (1982 Reenactment) § 21–28–4.09 provides:

"General penalty clause.—Any person who violates any provision of this chapter, the penalty for which is not specified herein, and of

the rules and regulations of the director of health made under authority of this chapter, shall be sentenced to a term of imprisonment of not more than one year, a fine of five hundred dollars ($500) or both."

ed for in subsection (A)(1), who manufacture, deliver, or possess with intent to deliver *any* schedule I or II controlled substance. *There is no exception in (A)(2) for persons who manufacture, deliver, or possess with intent to deliver marijuana.* If the Legislature meant to include an exception for marijuana in (A)(2) as it did in (A)(1), it would have. Because it didn't, (A)(2) provides penalties both for drug-dependent persons who manufacture, deliver, or possess with intent to deliver any schedule I or II controlled substances (including marijuana), as well as for non-drug-dependent persons who manufacture, deliver, or possess with intent to deliver marijuana. Since the defendant is a non-drug-dependent person charged with possessing marijuana with intent to deliver, he is subject to the penalties of § 21–28–4.01(A)(2)(a).

For these reasons, we answer the question certified to this court by the trial court in the affirmative.