**STATE**

v.

**Bruce R. BROWN.**

No. 86–134–C.A.

Supreme Court of Rhode Island.

March 13, 1987.

---

James E. O'Neil, Atty. Gen., Annie Goldberg, Thomas Dickinson, Sp. Asst. Attys. Gen., for plaintiff.

Joseph A. Capineri, Capineri & Crowley, Pawtucket, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a judgment of conviction for first-degree sexual assault entered in the Superior Court following a jury trial. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

The defendant and the mother of the victim were married, and thereafter, in 1983, defendant adopted the victim, who was then approximately three years old. In July 1984, the couple separated. The victim, a little girl named Crystal then four years of age, was placed along with her sister in the care of defendant on weekends while the mother worked as a waitress. After one of the evenings of babysitting by defendant, Crystal mentioned to her mother that defendant had placed his penis in her mouth the night before. The mother immediately took steps to file charges, and defendant was indicted for first-degree sexual assault.

At trial Crystal was the major witness for the prosecution since the trial justice, after examination, found Crystal, who at the time of trial had attained the age of five years, to be a competent witness. The defendant testified that he had committed no such sexual acts upon the victim.

In support of his appeal defendant raises only one issue. He asserts that the trial justice was in error in failing to grant a mistrial when the prosecutor asked certain questions to which objections were sustained by the trial justice.

On cross-examination, counsel for the state sought to impeach the credibility of defendant by confronting him with two prior convictions. The first prior conviction took place in December 1984 when defendant pleaded nolo contendere to a charge of exposing his genitals. The second prior conviction took place in January 1985 in the Commonwealth of Massachusetts when defendant pleaded guilty to accosting a female.

The defendant admitted the prior convictions, and the trial justice immediately cautioned the jury that such prior convictions could be considered "simply for the matter of passing upon the credibility, the believability of that witness and nothing more." The defendant does not assert that the use of these impeaching convictions or the cautionary instruction by the trial justice constituted error.

What he does argue is that interspersed with these questions on impeachment were several questions in which counsel for the state asked defendant in effect if he had a sexual problem and questioned whether that sexual problem would be of a type that would prompt defendant to commit the kind of act with which he was charged. In each instance the trial justice sustained defense counsel's objection to such questions but denied the defendant's motion to pass. The defendant in his brief cites the questions upon which his motion to pass the case was based.

"Q. Did you acknowledge, at that time, that you had a sexual problem, Mr. Brown?

"Mr. Capineri: Objection, certainly beyond—

"The Court: I will sustain it.

"Q. You agreed to go to the counseling?

"Mr. Capineri: Objection, your Honor.

"Q. As part of your sentence?

"The Court: I will sustain it.

"Mr. Capineri: I have another motion to pass.

"The Court: I will deny the motion to pass.

＊　　　＊　　　＊　　　＊　　　＊　　　＊

"Q. Mr. Brown, you don't feel that you have any sexual problem, isn't that—hasn't that been your testimony?

"A. Yes.

"Mr. Capineri: Objection. I would object and make a motion to pass.

"The Court: I will deny the motion to pass.

"Q. Would you say that somebody that exposes themselves in public has a sexual problem?

"Mr. Capineri: Serious motion to pass.

"The Court: I will sustain the objection."

It is undisputed that the questions posed were improper. It is also undisputed that the evidence concerning prior convictions was limited by the court's instructions both at the time the evidence was adduced and later in his charge to the jury to the assessment of credibility and for no other purpose.

We have said on a number of occasions that the decision concerning the declaration of a mistrial is within the sound discretion of the trial justice. *State v. Collazo*, 446 A.2d 1006 (R.I.1982); *State v. Anil*, 417 A.2d 1367 (R.I.1980); *State v. Marrapese*, 116 R.I. 1, 351 A.2d 95 (1976). In the event that the trial justice denies such a motion, his determination will be given great weight and will not be disturbed on appeal unless it is clearly wrong. *Collazo*, 446 A.2d at 1010; *State v. Pailin*, 114 R.I. 725, 339 A.2d 253 (1975).

When a defendant complains of alleged prejudicial remarks or questions posed by a prosecutor and predicates upon such remarks or questions a motion for mistrial, the trial justice must assess the prejudicial impact of such comments or questions. In the event that he or she finds that the prejudice is of such a nature as to be ineradicable or inexpiable, the motion to pass should be granted. If the prejudice can be cured, timely and effective instructions must be given. *Collazo*, 446 A.2d at 1010; *Marrapese*, 116 R.I. at 7, 351 A.2d at 98.

We have also said that determination of whether a prosecutorial comment or question is inflammatory or prejudicial can-

not be decided by a fixed rule of law. *State v. Peters,* 82 R.I. 292, 107 A.2d 428 (1954). The trial justice must evaluate the probable effect of the prosecutorial conduct on the outcome of the case by examining the remark or question in its factual context. *State v. Pugliese,* 117 R.I. 21, 362 A.2d 124 (1976). The test essentially is whether the prosecutorial comment or question so inflames the passions of the jury as to prevent their calm and dispassionate examination of the evidence. *State v. Mancini,* 108 R.I. 261, 274 A.2d 742 (1971).

 Applying the foregoing guidelines contained in our prior cases, we are of the opinion that in the total context of this case, the questions posed by the prosecutor would not have had the result of inflaming the passions of the jurors to the point where they would be unable to pass impartially upon the issues of the case. It should be borne in mind that defendant did not request additional court instructions with respect to the objectionable questions. Therefore, the matter of a cautionary instruction is not before us on appeal.

The use of the prior convictions for impeachment purposes is not an issue on appeal but would clearly be allowed under our law. *See State v. O'Brien,* 122 R.I. 749, 412 A.2d 231 (1980); *State v. Lombardi,* 113 R.I. 206, 319 A.2d 346 (1974). We believe that in the context of the evidence in this case, some of which was highly distasteful and graphic, asking defendant whether he had a sexual problem, though concededly improper, would not have had the effect of inflaming the jury in such manner as to deprive its members of their ability to pass upon the evidence in the case in accordance with the trial justice's instructions.

We have said in *State v. Ucero,* 450 A.2d 809 (R.I.1982), that the trial justice has a front-row seat in the trial and can therefore best judge the effect of improvident remarks upon the jury. The situation presented in this case comes within the admonition of *Ucero* that because of this front-row seat the trial justice has broad power to determine in his sound discretion the merit or lack of merit of a motion to pass. We believe that the trial justice did not err in the circumstances of this case in denying the motion for mistrial.

For the reasons stated, the appeal of the defendant is denied and dismissed. The judgment of conviction is affirmed, and the papers in the case may be remanded to the Superior Court.