**STATE**

v.

**James C. RAWLINSON.**

No. 85–261–C.A.

Supreme Court of Rhode Island.

June 11, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., Providence, for plaintiff.

William Reilly, Public Defender, Barbara Hurst, Paula Rosin, Assistant Public Defenders, Providence, for defendant.

James C. Rawlinson, pro se.

OPINION

PER CURIAM.

On May 4, 1987, a representative of the state appeared before this court to show cause why the defendant's appeal should not be summarily sustained. At that time the state conceded that since a Superior Court justice dismissed the criminal information lodged against the defendant, his appeal should be sustained and the judgment of conviction should be vacated. The information was dismissed in late July 1982 with prejudice by a Superior Court justice because of the state's failure to abide by the discovery portion of Rule 16 of the Superior Court Rules of Criminal Procedure.

The defendant, however, appeared at the show-cause hearing and argued strenuously that a portion of his appeal should be considered by this court so that his contention that the state should have proceeded against him by way of an indictment, rather than an information, could be resolved. Such a claim, in our opinion, is deserving of some comment.

In *State v. Jenison*, 122 R.I. 142, 147, 405 A.2d 3, 6 (1979), we pointed out that the indictment requirement found in the Fifth Amendment to the United States Constitution is not binding on the states. *See Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884).

In *State v. Bianco*, 501 A.2d 1183 (R.I. 1985), the issue presented to us was whether an accused could be charged by way of information without his or her first waiving any consideration of the accusation by a grand jury. In *Bianco* we said that no such waiver was required and explained that on November 6, 1973, article 40 of the amendments to the Rhode Island Constitution was adopted by the electorate. This article in its pertinent portions provides that with the exception of certain situations that are not relevant to the present contro-

versy, no person shall be held to answer for any offense punishable by death or by imprisonment for life unless upon presentment or indictment by a grand jury, and no person shall be held answerable for any other felony unless on presentment or indictment by a grand jury or on a written information signed by the Attorney General or one of his or her designated assistants. The article also authorized the General Assembly to enact legislation that would effectuate the article's provisions.

In *Bianco* it was also noted that following the adoption of article 40, the General Assembly enacted G.L. 1956 (1981 Reenactment) §§ 12–12–1.1 and 12–12–1.2. These sections provide that offenses punishable by death or life imprisonment shall be prosecuted by indictment, unless indictment be waived by the defendant with the consent of the Attorney General and leave of court. They further state that felonies punishable by a term exceeding one year, but less than life imprisonment, and/or by a fine exceeding $500 may be prosecuted *either by an indictment or by information* signed by the Attorney General or one of his or her designated assistants.

In applying these provisions to Rawlinson, the record indicates that a six-count information was returned against him in late July 1982. The information charges him with two counts of assault with a dangerous weapon, and three counts of possession of controlled substances with intent to deliver that are classified under our Uniform Controlled Substances Act as either schedule I, schedule II, or schedule IV substances. The last count charges Rawlinson with the operation of a narcotics nuisance. The maximum potential punishments for violation of any one of the six counts in no instance calls for the imposition of either a death sentence or a life sentence. Consequently, Rawlinson's argument that he is entitled to be charged by way of an indictment is totally without merit.

Nevertheless, Rawlinson's appeal is sustained and the judgment of conviction appealed from is vacated. The case is remanded to the Superior Court.